UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD MACK BENNETT,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DETECTIVE MARTIN COSTA, # 405, et al.,<br><br>                    Defendants. | 23-CV-0481 (LTS)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se*, filed this action while he was incarcerated at Wyoming Correctional Facility. He seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff is barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Bennett v. Concepcion*, No. 10-CV-9095 (LAP) (S.D.N.Y. Dec. 6, 2010) (listing Plaintiff's strikes and barring him from filing future actions IFP).[1] That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

---

[1] The Court has conducted its own independent review of Plaintiff's cases, *see Escalera v. Samaritan Village*, 938 F.3d 380, 382-84 (2d Cir. 2019) (suggesting that courts should conduct its own independent review of dismissals counted as strikes), and finds that Plaintiff has three or more cases that were dismissed on Section 1915(g) grounds. *See, e.g.*, *Bennett v. Deem*, No. 10-CV-9096 (LAP) (S.D.N.Y. Dec. 6, 2010) (dismissed for failure to state a claim); *Bennett v. Concepcion*, No. 10-CV-9095 (LAP) (S.D.N.Y. Dec. 6, 2010) (same); *Bennett v. Jones,* No. 07-CV-11550 (KMW) (S.D.N.Y December 26, 2007) (dismissed for failure to state a claim and under *the res judicata* doctrine); *Bennett v. Corr. Med. Servs., et al.,* No. 06-CV-3783 (MBM) (S.D.N.Y May 17, 2006) (dismissed under the *res judicata* doctrine and as untimely ); *Bennett v. New York State Parole Div.,* No. 04 CV-5085 (MBM) (S.D.N.Y. June 28, 2004) (dismissed for failure to state a claim); *Bennett v. Brandeis,* 10–2077–PR (2d Cir. 2010) (appeal dismissed as it "lacks an arguable basis in fact or law").

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff brings claims arising out of his arrest, criminal proceedings, and detention from 2021 to 2022. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] A prisoner who is barred under Section 1915(g) may commence a new action by paying the filing fees.

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   May 1, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge